J. E. NICHOLS *vs.* HENRY W. MASON & CO.

OCTOBER 26, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, J. J.

*(1)   Exceptions.   Stating Exceptions.*

Under Gen. Laws, cap. 298, sec. 17, providing that in a bill of exceptions the moving party "shall state separately and clearly the exceptions relied upon" the statement of an exception requires no reference to the validity of the exception but should be merely an allegation of the fact that it was duly taken.

*(2)   Exceptions.   Stating Exceptions.*

The reasons for claiming error in the ruling of the court, are not properly included in the statement of an exception.

*(3)   Exceptions.   Stating Exceptions.*

Exceptions which do not set out the ruling of the court, either in terms or by reference, but merely state the claim of the moving party as to the effect of the ruling of the court, will not be allowed.

*(4)   Exceptions.   Altering Exceptions.*

As a justice of the Superior Court upon consideration of a bill of exceptions has authority to disallow or alter the bill, the Supreme Court on consideration of a petition to establish the truth of exceptions has the same power, and will alter the statement of exceptions contained in the petition to conform to the facts as shown in the transcript.

Petitions to establish truth of exceptions. The facts are fully set forth in the opinion.

SWEETLAND, C. J.   The above entitled cause is before the court upon the petition of the plaintiff to establish the truth of his exceptions and the correctness of the transcript filed by him and also upon the petition of the defendant to establish the truth of his exceptions and the correctness of the transcript filed by him.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff. Said justice granted the defendant's motion for new trial. The plaintiff and the defendant each duly filed a bill of exceptions and a transcript of the evidence. By reason of the death of said justice he did not act upon said bills of exceptions. In accordance with the statutory provision applicable to this case the plaintiff and defendant have each filed in this court a petition to establish the truth of his exceptions and the correctness of the transcript of evidence filed by him.

The defendant has sought to correct these transcripts furnished to the parties by the Superior Court stenographer by pointing out in an affidavit their inaccuracy, in certain minor particulars. The plaintiff does not question the defendant's claim in this regard and it appears to us to be

valid. Said transcripts are amended by inserting in each transcript the words "direct him" after the word "arbitration" in cross question 802 on page 144, by substituting the word "plaintiff" for the word "defendant" in the statement of Mr. Greenlaw on page 991, by substituting the word "like" for the word "right" in question 22 on page 1007, and the transcript filed by the defendant is further amended by substituting the word "Beagan" for the word "Greenlaw" at about the middle of page 337. As thus amended the correctness of each of said transcripts is established.

The plaintiff does not question the truth of the exceptions which the defendant seeks to establish by his petition. By reference to the transcripts said exceptions of the defendant appear to have been duly taken by him, and their truth is hereby established.

The defendant objects to the statement of exceptions contained in the plaintiff's petition and urges that said alleged exceptions of the plaintiff should not be established as true. The transcripts of evidence, the correctness of which we have established, disclose that with reference to each exception stated by the plaintiff in his petition, except the forty-fifth, he did take an exception to a ruling of said justice at that point in the course of the trial to which he now refers and as he has alleged in his petition. In most instances, however, the plaintiff has not correctly stated the rulings of said justice to which the exceptions were taken.

The statute provides (Chapter 298, Section 17, Gen. Laws, 1909) that in a bill of exceptions the moving party "shall state separately and clearly the exceptions relied upon." We have frequently held that the statement of an exception under this provision of the statute requires no reference to the validity of the exception, but should be merely an allegation of its truth, *i. e.*, the fact that it was duly taken. We have pointed out in *Blake* v. *Atlantic National Bank*, 33 R. I. 109, and *Dunn Worsted Mills* v. *Allendale Mills*, 33 R. I. 115, and have held in many subse-

quent unreported cases, that a bill of exceptions is a formal enumeration of the exceptions upon which the moving party relies; and that an exception is properly stated by setting out the ruling of the Superior Court and the fact that an exception to said ruling was duly taken. If the exception be to the ruling of a justice of the Superior Court made in the course of a trial the exception may be stated by making an exact reference to the ruling as it appears in the transcript, and by alleging that an exception was duly taken to such ruling, with a reference to the place in the transcript where it appears that the exception was noted. These, suggestions as to the proper method of stating an exception apply equally to a statement contained in a bill presented for allowance to a justice of the Superior Court, and to an allegation made in a petition to establish the truth of exceptions presented to this court.

In the statement of some of the exceptions upon which he now relies the plaintiff has so nearly observed our rule that we shall establish the truth of such exceptions. An example is the statement of the plaintiff's thirty-sixth exception, as follows: "Thirty sixth, To the Court's ruling excluding the question as to whether any credit went to Mr. Nichols for the 155 bales that were sold at an advance of a cent and a half a pound, exception thereto being noted at page 660 of said transcript;" By reference to the transcript it appears that this exception was taken to the ruling of the justice excluding the following question: "1067 C. Q. And these 55 that came back were sold as we have traced out. Now what I want to ask you is this, does this account here show any credit to Mr. Nichols for the 155 bales that were sold at an advance of a cent and a half a pound?" We think, however, that this exception would have been more exactly and conveniently stated in some such manner as the following. "Thirty sixth, To the Court's ruling excluding cross question 1067 appearing on page 659 of the transcript, the exception to said ruling appearing on page 660 of the transcript." The plaintiff has

stated the following exceptions with such a degree of exactness that we should not be justified in disallowing them and we shall regard their truth as established. They are the sixth, eighth, ninth, eleventh, twelfth, twenty-third, twenty-fourth, twenty-fifth, twenty-seventh, thirty-first, thirty-sixth, forty-second, forty-third, and forty-fourth. The truth of the forty-seventh is established after striking out its second and third paragraphs which set forth the plaintiff's reasons for claiming error in the ruling of said justice. Such reasons are not properly included in the statement of an exception. *Dunn Worsted Mills* v. *Allendale Mills,* 33 R. I. 115.

The plaintiff's statements of his alleged seventh, tenth, thirteenth, thirtieth, and forty-sixth exceptions are repugnant to the statutory requirement that exceptions should be stated separately.

By reference to the transcript it appears that the plaintiff did not take the exception which he states as his forty-fifth exception. The question involved in the plaintiff's alleged forty-fifth exception seems, upon superficial examination, to have been brought here by the plaintiff's exceptions to the refusal of said justice to instruct the jury in accordance with the plaintiff's requests to charge, numbered twenty-eight to thirty-five inclusive.

In the statement of each of his exceptions, other than those referred to above, the plaintiff does not set out the ruling of said justice, either in terms or by reference, but apparently intends to state what he claims was the effect of a certain ruling made by the justice. An example of this manner of stating his exceptions appears in what the plaintiff alleges as his fifteenth exception, which is as follows: "Fifteenth, To the Court's ruling permitting the defendant through the witness Marlor to give in evidence that the arbitration board found the types FINE and KIM as equal, objection to which is taken at pages 360 and 361 and exception thereto being noted on page 361 of said transcript." On page 361 of the transcript is the notation of the plain-

tiff's exception to the ruling of the justice permitting the defendant to propound his 429th question to the witness Marlor. The question is as follows: "429 Q. I hand you Exhibits 17 and 18 and ask you whether or not the original record shows that the types that were submitted were found equal in staple." In the statement of this exception in his petition the plaintiff may or may not have set out correctly the effect of this ruling of the justice, but he clearly has not stated the ruling. To determine whether the plaintiff's claim as to the effect of the ruling is justified would require an examination, perhaps an extensive examination, of the other evidence in the case and possibly it could not be fairly determined without listening to the argument of adversary counsel. Such examination and argument is out of place at a hearing upon the allowance of a bill of exceptions or on a petition to establish the truth of exceptions. There the courts are concerned with the question of whether or not exceptions have been taken to specific rulings of the Superior Court shown upon the record, and not at all with the effect of such rulings. In his argument upon the validity of his exceptions the plaintiff will be permitted to take advantage of any claim which he may desire to make as to the result or effect of any ruling of the Superior Court, the truth of his exception to which has been established. When a party prosecuting exceptions sets out in the bill his claim as to the effect of a ruling of the Superior Court he has exceeded a statement of the truth of the exception, and has introduced matter which is only pertinent in an examination as to the validity of the exception.

The plaintiff's exceptions, as stated in his petition, other (4) than those which we have said may be established as true, are not approved.

A justice of the Superior Court upon consideration of a bill of exceptions submitted for his approval has authority to disallow or alter said bill. (Chapter 298, Section 21, Gen. Laws, 1909.) The same power is in us in the consideration of the plaintiff's petition and we will alter the state-

ment of exceptions contained in said petition to conform to the facts as shown in the transcript.

The plaintiff may submit to us, after notice to the defendant, a statement of his exceptions drawn in conformity with this opinion. For convenience of reference in the future progress of the cause the plaintiff should include in said statement all of his exceptions set down in order, those which we have allowed as stated in the petition and those which we have been unable to approve.

*John P. Beagan,* for *plaintiff.*

*Waterman & Greenlaw; Charles E. Tilley,* for defendant.